UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| RANDY J. CAMPBELL, ) | |
| ) | |
| Claimant, ) | |
| ) | |
| vs. ) | Civil Action No. CV-10-S-229-NE |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Claimant Randy Campbell commenced this action on January 29, 2010, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ") denying his claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the ALJ's findings about plaintiff's ability to perform substantial gainful activity in the absence of substance abuse were not supported by substantial evidence.  The ALJ acknowledged that, "with his substance abuse, the claimant's mental impairments so reduce his ability to function in a work environment to the point that he does not possess the residual functional capacity to engage in any type of substantial gainful activity on a sustained basis."[1]  Even so, the ALJ determined that, "[i]f the claimant stopped the substance abuse, the claimant would have the residual functional capacity to perform light to medium work activity with seizures precautions."[2]  The ALJ further concluded that, if a person of claimant's age, education, work experience, and residual functional capacity ceased substance abuse, that person would be able to perform jobs existing in significant numbers in the national economy.[3]  Accordingly, the ALJ found claimant to be not disabled.

The ALJ's analysis of claimant's substance-abuse-related impairments was in accordance with applicable law.  *See* 42 U.S.C. § 423(d)(2)(c) ("An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the

---

[1] Tr. at 24.
[2] Tr. at 26.
[3] Tr. at 29.

Commissioner's determination that the individual is disabled.").

> The regulations implementing § 423(d)(2)(c) provide that once the Commissioner determines a claimant to be disabled and finds medical evidence of drug addiction or alcoholism, the Commissioner then "must determine whether . . . drug addiction or alcoholism is a contributing factor material to the determination of disability."  20 C.F.R. § 404.1535.  The key factor in determining whether drug addiction or alcoholism is a contributing factor material to the determination of a disability (the "materiality determination") is whether the claimant would still be found disabled if he stopped using drugs or alcohol.  *See* 20 C.F.R. § 404.1535(b)(1).

*Doughty v. Apfel,* 245 F.3d 1274, 1279 (11th Cir. 2001) (ellipses in original). Claimant bears the burden of proving that substance abuse is *not* a contributing factor material to the disability determination.  *Id.* at 1281.

Even so, claimant asserts that the ALJ's finding that he would be able to return to work if he ceased all abuse of controlled substances was not supported by substantial evidence because claimant's substance abuse disorders were in remission at the time of the administrative hearing.  Claimant offers some medical evidence and his own testimony to support this assertion, but the ALJ adequately explained why he found those items of medical evidence to be less than fully reliable, and why he found claimant's testimony to be less than fully credible.  Claimant's only other strategy is to simply disagree with the ALJ, but a claimant's disagreement with an ALJ's findings is not sufficient to establish disability, especially when, as here, the

ALJ's findings were supported by substantial evidence.

In short, claimant has not satisfied his burden of proving that substance abuse is not a contributing factor material to the disability determination. Accordingly, there is no basis for disturbing the ALJ's decision. As that decision was in accordance with applicable law and supported by substantial evidence of record, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 26th day of October, 2010.

_____
United States District Judge